UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

NO. 14-4179

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | MOTION BY UNITED STATES |
| Appellee, | ) | TO DISMISS APPEAL |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE MYRON ADAMS, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby moves the Court pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 27(f) to dismiss the defendant's appeal on the ground that he expressly agreed, in his plea agreement, to waive his right to appeal his sentence.  In support of this motion, we show unto the Court the following:

**FACTUAL BACKGROUND**

The defendant pleaded guilty, pursuant to a written plea agreement, to conspiracy to manufacture, distribute and dispense and possess with intent to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.  [D.E. 325 at 1, 4].  The plea agreement contained the following provision:

> The Defendant agrees . . . [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, . . . excepting an appeal . . . based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. . . .

[D.E. 325 at 1–2].

On September 3, 2013, the district court conducted a guilty plea proceeding pursuant to Federal Rule of Criminal Procedure 11. [D.E. 497 at 1]. After informing the defendant and his codefendants of their trial-related rights, the court asked if any defendant had not had ample opportunity to discuss his case with his attorney or if any defendant was not satisfied with his attorney's services. [D.E. 497 at 4–5, 15]. Neither the defendant nor his codefendants indicated any dissatisfaction. [D.E. 497 at 15].

Shortly thereafter, the court spoke to the defendant individually. The defendant told the court that he was 43 years old and had graduated from high school. [D.E. 497 at 16]. The court found that the defendant was competent to plead. [D.E. 497 at 17]. The court informed the defendant of the nature of the charges against him and the minimum and maximum penalties he faced for each charge. [D.E. 497 at 17–19]. The defendant was indicted on five counts: Counts One and Seven, conspiracy to distribute and possess with

intent to distribute methamphetamine, each carried a penalty of ten years' to life imprisonment and five years' to life supervised release; Count Five, possession of equipment and chemicals that may be used to manufacture methamphetamine, carried a penalty of up to 20 years' incarceration; Counts Six and Sixteen, possession of pseudoephedrine with intent to manufacture a controlled substance, each carried a penalty of up to 20 years' imprisonment. [D.E. 497 at 17-19].[1] The court received the plea agreement indicating that the defendant wished to plead guilty to Count One. [D.E. 497 at 19-20]. The court asked if the plea agreement accurately reflected the defendant's wishes, and the defendant indicated that it did. [D.E. 497 at 20].

The defendant indicated that he understood that he would be giving up the rights associated with a jury trial if he pleaded guilty. [D.E. 497 at 20-21; see D.E. 497 at 4-5]. The court asked the defendant if he had discussed with his attorney the charge he intended to plead guilty to, and if he understood the charge. [D.E. 497 at 20]. The defendant answered "Yes, sir" to both questions. [D.E. 497 at 20-21]. The court asked if the defendant had discussed the sentencing guidelines and sentencing factors with his attorney, and if the defendant understood that his attorney's calculation was

---

[1]   Counts Five, Six, and Seven also included charges of aiding and abetting. [D.E. 497 at 17-19].

3

only an estimate. [D.E. 497 at 21-22]. The defendant answered "Yes, sir" to both questions. [D.E. 497 at 21, 22]. Defense counsel told the court that he had been timely appraised of the content of the plea agreement and had fully discussed its ramifications with the defendant. [D.E. 497 at 22]. The defendant further confirmed that he had read the plea agreement and that he understood it was up to him alone to decide whether to accept it. [D.E. 497 at 22-23]. The defendant indicated that he understood, that he had discussed the agreement with counsel, and that he wished to accept the agreement. [D.E. 497 at 23].

Government counsel then read into the record the terms of the plea agreement, including the appeal waiver. [See D.E. 497 at 23-28]. The court asked the defendant if he understood that he "reserve[d] only the right to appeal from an upward departure from the advisory guideline range established at sentencing, and that [he] otherwise waive[d] all rights to appeal whatever sentence" the court imposed, with the exception of ineffective assistance of counsel not known at the time of the guilty plea. [D.E. 497 at 28]. The defendant answered, "Yes, sir." [D.E. 497 at 28]. The defendant also indicated that no one had made any promises outside of the plea agreement that had induced him to plead guilty. [D.E. 497 at 28].

4

After establishing the defendant's guilt and finding that the guilty plea was knowing and voluntary, the court accepted the defendant's guilty plea. [D.E. 497 at 29–30].

The court conducted a sentencing hearing for the defendant on February 19, 2014. [D.E. 498 at 1]. At sentencing, the court found that the defendant's offense level was 36 and his criminal history category was I. [D.E. 498 at 25]. The court established that the defendant was subject to a custody range of 188 to 235 months and a supervised release range of five years to life. [D.E. 498 at 25]. The defendant did not object to the supervised release range. [See D.E. 498]. The court sentenced the defendant to 188 months' imprisonment and supervised release "for the term of his natural life." [D.E. 498 at 37].

## DISCUSSION

The defendant filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that there are no non-frivolous issues to appeal. (Brief at 3). The government submitted a letter agreeing that there were no non-frivolous issues to appeal, but noting that it intended to file a motion to dismiss if the defendant or the Court later raised sentencing issues that fell within the scope of the appeal waiver provision of the defendant's plea agreement.

After conducting an Anders review, this Court on February 11, 2015, directed the parties to file supplemental briefs addressing (1) whether the district court committed plain error in adopting a guidelines range of supervised release of five years to life, and (2) the adequacy of the district court's explanation of its reasons for rejecting the defendant's request for a downward variance. The defendant waived these sentencing claims in his negotiated plea agreement, and therefore the appeal should be dismissed.[2] [D.E. 325 at 1–2].

This Court has repeatedly held that appeal waivers are enforceable. E.g., United States v. Cohen, 459 F.3d 490, 494 (4th Cir. 2006); United States v. Johnson, 410 F.3d 137, 149-53 (4th Cir. 2005); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); United States v. General, 278 F.3d 389, 400 (4th Cir. 2002); United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This Court has held

---

[2]    "If an Anders brief is filed, the government is free to file a responsive brief raising the waiver issue (if applicable) or do nothing, allowing this court to perform the required Anders review. Of course, if the defendant files pro se submissions raising issues within the scope of the appeal waiver while his Anders brief is pending, the government is free to raise the waiver issue at that time." United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007). This Court has also "recognize[d] that [its] precedent and local rules allow the government to defer invoking an appeal waiver." United States v. Weber, 493 F. App'x 407, 408 n.2 (4th Cir. 2012) (unpublished) (citing Poindexter, 492 F.3d at 270; 4th Cir. R. 27(f)).

that it generally will enforce an appeal waiver "if the waiver is valid and the issue sought to be appealed falls within the scope of the waiver." Cohen, 459 F.3d at 494.  In assessing the validity of an appeal waiver, this Court considers "'whether the defendant knowingly and intelligently agreed to waive the right to appeal,' an inquiry 'ultimately . . . evaluated by reference to the totality of the circumstances.'"  Id. (quoting Blick, 408 F.3d at 169).

This Court has upheld the validity of appeal waivers even when the issue is whether the district court incorrectly determined the guideline range.  E.g., United States v. Copeland, 707 F.3d 522, 529 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013).  In Copeland, the court found that a defendant had waived his right to appeal based on the incorrect application of the guidelines because his appeal waiver "'reserve[d] only the right to appeal a sentence in excess of the applicable advisory guideline range that is established at sentencing.'"  Copeland, 707 F.3d at 529 (quoting Copeland's appeal waiver) (emphasis in Copeland).  Similarly, in United States v. Brown, this Court found that an appeal waiver that expressly waived appeals based on 18 U.S.C. § 3742[3] was sufficient to bar appeals arguing an incorrect guidelines application.  232 F.3d 399, 404 (4th Cir. 2000).

---

[3]    18 U.S.C. § 3742 allows review "of an otherwise final sentence if the sentence . . . was imposed as a result of an incorrect application of the sentencing guidelines."

7

The record in this case establishes that the defendant made a knowing and intelligent decision to waive his appellate rights. In exchange for the defendant's guilty plea, four additional counts—which carried a combined maximum penalty of life plus sixty years—were dismissed. [See D.E. 497 at 17–20]. At arraignment, the court found that the defendant was competent to plead. [D.E. 497 at 16]. The defendant was represented by counsel at his arraignment, and he was satisfied with the legal work done on his behalf. [D.E. 497 at 15]. He indicated at several points that he had discussed the plea agreement with his attorney. [D.E. 497 at 20–23]. The appeal waiver was described in the plea agreement in direct, unambiguous language. [D.E. 325 at 1–2]. The court specifically asked the defendant if he understood the scope of his appeal waiver, explaining that the defendant could only appeal from "an upward departure from the advisory guideline range established at sentencing." [D.E. 497 at 28]. The defendant confirmed that he understood the waiver provision. [D.E. 497 at 28]. The court also confirmed that there were no promises made to the defendant other than those set forth in the plea agreement. [D.E. 497 at 28].

This appeal falls within the scope of the appeal waiver. Any claim that the district court incorrectly applied the sentencing guidelines is barred by the waiver. See Copeland, 707 F.3d at 529; Brown, 232 F.3d at 404. The defendant agreed to "waive knowingly

8

and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range," reserving only the right to challenge a sentence "in excess of the applicable advisory guideline range that is established at sentencing . . . ."  [D.E. 325 at 1 (emphases added)]. This precisely tracks the language of the waiver in Copeland, which this Court understood as barring challenges to the application of the guidelines.  See Copeland 707 F.3d at 529.  Further, the defendant "knowingly and expressly" waived his right to appeal under 18 U.S.C. § 3742.  [D.E. 325 at 1].  This language is consistent with the language of the waiver in Brown, which also barred guidelines-application challenges.  See Brown, 232 F.3d at 404. The defendant's 188-month incarceration sentence fell within his advisory guideline range of 188 to 235 months and far below the life sentence authorized by statute.  [D.E. 498 at 25].  The supervised release term of life is within the guideline range of five years to life that the court established at sentencing and reflects the statutory maximum supervised release term that the defendant was subject to by pleading guilty to this offense.  [D.E. 498 at 25; see also D.E. 497 at 17].  The issues now presented in this appeal fall within the scope of a valid appeal waiver, and therefore the appeal should be dismissed.

Furthermore, the guideline supervised-release range adopted by the district court was consistent with the Sentencing Guidelines Manual in effect at the time. Defendant was sentenced under the 2013 manual [D.E. 448 at 18, ¶ 46], which specifies that the term of supervised release for a Class A or B felony is two to five years, pursuant to 18 U.S.C. § 3583(b)(1). USSG §5D1.2(a)(1) (2013). The manual further specifies, however, that the "term of supervised release imposed shall be not less than any statutorily required term of supervised release," USSG §5D1.2(c), and here, the statute of conviction specifies that the term of supervised release for defendant's offense is "at least five years," 21 U.S.C. § 841(b)(1)(A). Under this Court's case law, the statutory minimum of "at least five years" in § 841(b)(1)(A) overrides the normal five-year maximum in 18 U.S.C. § 3583(b)(1), resulting in a statutory range of five years to life. United States v. Pratt, 239 F.3d 640, 648 (4th Cir. 2001).

Upon information and belief, the United States Probation Office interpreted the guideline supervised-release range in these kinds of cases to track the statutory range. Therefore, when a statute overrode the default requirements of 18 U.S.C. § 3583(b) and provided a minimum term at or above the maximum specified in § 3583(b), the Probation Office calculated a guideline range consistent with the statute's terms. Such a policy made sense: USSG §5D1.2(a)

10

prescribes <u>minimum</u> terms of supervised release in addition to the maximum terms provided for by § 3583(b), but the <u>maximum</u> terms provided by the guidelines simply mirror the statutory maximums provided in § 3583(b). <u>Compare</u> USSG §5D1.2(a) <u>with</u> 18 U.S.C. § 3583(b). Here, 21 U.S.C. § 841(b)(1)(A) overrode both the minimum provided in the guidelines and the maximum provided in § 3583(b). <u>See Pratt</u>, 239 F.3d at 648. Therefore, the defendant's guideline range was properly calculated as five years to life, based on 21 U.S.C. § 841(b)(1)(A). <u>See</u> USSG §5D1.2(c) (2013).[4] Regardless, such a claim relates to the district court's adoption of the guideline sentencing range and therefore falls within the scope of the defendant's appeal waiver. Accordingly, the Court should dismiss this appeal.

## STATEMENT PURSUANT TO LOCAL RULE 27(a)

The defendant's attorney, Jeffrey W. Gillette, opposes this motion.

---

[4]   The 2014 Guidelines Manual enacted a change to this kind of calculation by adding a new comment, Application Note 6, which explains how to apply USSG §5D1.2(c). Application Note 6 specifies that "if subsection (a) provides a range of two years to five years, but the relevant statute requires a minimum term of supervised release of five years and a maximum of life, the term of supervised release provided by the guidelines is five years." USSG §5D1.2, comment. (n.6) (2014). Upon information and belief, the U.S. Probation Office now interprets that application note to call for a guideline range of five years in cases like this one. Nonetheless, the defendant was properly sentenced under the <u>2013</u> guidelines, which did not include Application Note 6.

11

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court dismiss the defendant's appeal.

Respectfully submitted this 4th day of March, 2015.

THOMAS G. WALKER
United States Attorney

BY: /s/ Jennifer P. May-Parker[*]
JENNIFER P. MAY-PARKER
Assistant United States Attorney
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, North Carolina  27601-1461
Telephone: (919) 856-4530

---

[*]    AUSA May-Parker acknowledges Timothy Singer, a 2L at Duke University School of Law, for his contributions to the preparation of this motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

Jeffrey William Gillette
GILLETTE LAW FIRM, PLLC

/s/ Jennifer P. May-Parker
JENNIFER P. MAY-PARKER
Assistant United States Attorney